UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| DAVID UPTON, | ) | CASE NO. ED CV 10-631-AB (PJW) |
|---|---|---|
| Plaintiff, | ) ) | FINAL REPORT AND RECOMMENDATION RE: (1) PLAINTIFF'S MOTION FOR |
| v. | ) ) | PARTIAL SUMMARY JUDGMENT; AND (2) DEFENDANT'S MOTION FOR SUMMARY |
| ARNOLD SCHWARZENEGGER, et al., | ) ) | JUDGMENT |
| Defendants. | ) ) | |

This Final Report and Recommendation is submitted to the Hon. Andre J. Birotte, Jr., United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California. For the reasons discussed below, it is recommended that Plaintiff's Motion for Partial Summary Judgment (Doc. No. 187) be denied, Defendant's Motion for Summary Judgment (Doc. No. 193) be granted, and the case be dismissed with prejudice.[1]

---

[1] This Final Report and Recommendation has been issued to address arguments raised by Plaintiff in his Objections to the original Report and Recommendation. (Doc. No. 236.) Because the ultimate decision remains unchanged, the parties have not been given an opportunity to file additional objections.

I.

SUMMARY OF FACTS

Plaintiff David Upton was released from prison in March 2008 and placed on parole for three years. (Third Amended Complaint ("TAC") at ¶¶ 7 and 28 and Exh. C; Plaintiff's Depo. at p. 16:18-21; Roberts Decl. I (Doc. No. 189-3) at ¶ 8.) On June 25, 2008, he signed a "Notice and Conditions of Parole" form, which provided, among other things, that his parole could be revoked for any criminal conduct. (Plaintiff's Depo. at pp. 132:6-136:18; Roberts Decl. I at ¶ 9, Exh. 1.) On July 30, 2008, while still on parole, he was arrested for committing battery on his girlfriend. (TAC at Exhs. B and C.) Plaintiff's parole officer, Defendant Roberts, was notified of the arrest and elected to keep Plaintiff in custody on a "no bail" parole hold pending investigation. (TAC at ¶¶ 28-29; Roberts Decl. I at ¶¶ 10-13.)

On August 5, 2008, Parole Agent B. Hunter prepared a parole violation report in which he concluded that, due to Plaintiff's history and the circumstances of the parole violation, he posed a threat to the safety of others and should be returned to custody. (TAC at Exh. C.) Included in that report was the fact that Plaintiff had been imprisoned for burglary on May 13, 1998. (TAC at Exh. C.) According to Plaintiff, that was misleading because Plaintiff's May 1998 imprisonment was for operating a motor vehicle without the owner's consent, not burglary. (TAC at ¶ 40.)

At a probable cause hearing on August 11, 2008, Plaintiff's parole was revoked and he was ordered returned to custody for nine months. (TAC at Exh. E at pp. 34-38.) At a parole revocation hearing on August 25, 2008, however, the parole violation charge was dismissed

2

for insufficient evidence (because Plaintiff's girlfriend had recanted her claim that Plaintiff had assaulted her) and Plaintiff was released from custody the following day. (TAC at ¶ 104; TAC at Exh. F; Roberts Decl. I at ¶ 14.)

II.

ANALYSIS

Plaintiff brings this civil rights action under 42 U.S.C. § 1983, alleging that his parole officer, Defendant Roberts, violated his constitutional rights by keeping him in custody on a "no bail" parole hold and by recommending that his parole be revoked when there was no basis for doing so. (TAC at ¶¶ 46-47, 85-92.) Plaintiff claims that, as a result of Roberts' actions, he was wrongfully incarcerated for 28 days in violation of his Fourth, Fifth, Sixth, Eighth, Thirteenth, and Fourteenth Amendment rights. (TAC at pp. 14, 20, 22.) Plaintiff also claims that Roberts is guilty of malicious prosecution because he deliberately provided false and misleading statements about Plaintiff's past convictions and parole violations in order to ensure that Plaintiff's parole would be revoked. (TAC at ¶¶ 38-43.) In addition, Plaintiff claims that Roberts conspired with others to violate his equal protection rights. (TAC at pp. 8, 15-17, 20-22.)

Plaintiff moves for partial summary judgment and Defendant moves for summary judgment. For the reasons set forth below, it is recommended that Plaintiff's motion for partial summary judgment be denied and Defendant's motion for summary judgment be granted.

A. <u>Standard of Review</u>

Under Federal Rule of Civil Procedure 56(a), summary judgment is warranted if the moving party can establish that there is no genuine issue as to any material fact and the moving party is entitled to

judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A "genuine issue" exists if there is a sufficient evidentiary basis upon which a reasonable jury could find for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A factual dispute is "material" if it might affect the outcome of the suit under governing law. *Id.* at 248. The Court views the inferences it draws from the underlying facts in a light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party satisfies that burden, the non-moving party must submit evidence showing a genuine issue of material fact. *Matsushita*, 475 U.S. at 587. Summary judgment is also warranted when a non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

B. <u>Plaintiff's Motion for Partial Summary Judgment</u>

Plaintiff moves for partial summary judgment, seeking a declaration from the Court that California's parole system is unconstitutional. He complains that the July 30, 2008 "no bail" parole hold was executed without "a judicial determination of probable cause" and that the August 11, 2008 order returning him to custody was executed without "a jury determination of guilt beyond a reasonable doubt." (Doc. No. 179 at 7; Doc. No. 187.) There is no merit to either claim.

4

1. <u>Plaintiff's Challenge to California's Parole Statutes Is Moot and His Claims are Barred by Collateral Estoppel</u>

Plaintiff once again asserts that California's parole system is unconstitutional. He contends that his parole hold was executed without a judicial determination of probable cause and that he was denied his right to a jury trial and a showing of proof beyond a reasonable doubt. Defendant Roberts counters that, because Plaintiff has been discharged from parole, his claims for injunctive and declaratory relief are moot--which the Court previously ruled--and are also barred by collateral estoppel. (Doc. No. 189 at pp. 6-14.) For the following reasons, the Court sides with Defendant.

The Court has already denied Plaintiff's request for injunctive relief on the ground that, because Plaintiff is no longer on parole, he is not subject to the parole laws and, therefore, his challenges to those laws are moot. (See Doc. Nos. 133 at pp. 8-9 and 137.) He cannot relitigate that issue now.

Plaintiff's attempt to challenge the parole scheme is also denied because he already challenged the constitutionality of California's parole statutes in a state habeas corpus petition in 2011 and his arguments were turned aside. (Defendant Roberts' Request for Judicial Notice in Opposition to Motion for Partial Summary Judgment [Doc. No. 189-5] "Roberts' RJN," Exhs. 3-4.) Thus, his current attempt to challenge the same laws is barred by the doctrine of collateral estoppel. *See White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012) (issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim."); *Silverton v. Dep't of*

*Treasury*, 644 F.2d 1341, 1347 (9th Cir. 1981) ("[B]ecause of the nature of a state habeas proceeding, a decision actually rendered should preclude an identical issue from being relitigated in a subsequent § 1983 action if the state habeas court afforded a full and fair opportunity for the issue to be heard and determined under federal standards.").[2]

### 2. Plaintiff Has Failed to Link Defendant Roberts to His Claims Challenging the Constitutionality of the Parole Statutes

Plaintiff's challenges to the constitutionality of California's parole laws is also subject to dismissal because he fails to link Defendant Roberts to the alleged constitutional infirmities in the law. In fact, Plaintiff concedes that Roberts played no part in enacting and/or implementing the legislation. (Plaintiff's Depo. at pp. 152:7-153:12; Roberts Decl. I at ¶ 15.) Without a causal link, these allegations are merely the type of "unadorned, the-defendant-unlawfully harmed-me accusation[s]" that are insufficient to impute liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### 3. California's Parole Statutes Are Not Unconstitutional

Even were the Court in a position to rule on the constitutionality of California's parole statutes, however, it would conclude that they are not unconstitutional. The revocation of parole is not part of a criminal prosecution and, therefore, the full range

---

[2] In his Objections, Plaintiff attempts to characterize his claim as a "sentence computation issue." (Doc. No. 236 at pp. 16-21). This argument is rejected. Plaintiff should have raised that argument in the prior habeas action and he is estopped from doing so now. *See Gonzales v. Cal. Dep't. of Corrections*, 739 F.3d 1226, 1234 (9th Cir. 2014) (holding plaintiff cannot avoid claim preclusion bar by asserting a different remedy or legal theory in a § 1983 action after being denied relief on the same ground in a habeas action).

of constitutional rights due to a defendant in a criminal proceeding is not applicable in the parole context. *See Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). Parolees are only entitled to a hearing "conducted at or reasonably near the place" of the alleged violation "as promptly as convenient after arrest"; notice that the hearing will take place and of its purpose; notice of the allegations; a determination by an "independent officer"; the right to speak on their own behalf and bring letters, documents, and witnesses; a written summary of the proceedings; and a decision based on stated reasons and cited evidence. *Id*. at 486-88. There is no constitutional right to a probable cause hearing before a judge. *Id*. at 486. A parolee is also not entitled to a jury trial nor is the state required to prove the allegations beyond a reasonable doubt. *See United States v. Knights*, 534 U.S. 112, 120 (2001) (explaining right to jury trial and proof beyond a reasonable doubt inapplicable in parole revocation proceedings).

In his Objections, Plaintiff argues that the principles articulated in *Morrissey* and *Knights* have no bearing on his case because his case involves an "expired" sentence. (Doc. No. 236 at pp. 24-28.) Plaintiff's argument is rejected. He admits that he was released from prison in March 2008, placed on parole for three years, and signed conditions of parole upon his release from prison. (TAC at ¶¶ 7, 28; Plaintiff's Depo. at pp. 16:18-21, 132:6-136:18; Roberts Decl. I at ¶ 9, Ex. 1.) He further admits that he was finally discharged from parole on April 18, 2012. (Plaintiff's Depo. at 19:11-16.) Thus, his sentence had not expired in June 2008 when he was arrested and he was lawfully on parole at that time. For these reasons, were the Court empowered to rule on Plaintiff's

7

constitutional challenges to California's parole procedures, it would conclude that the statutes pass constitutional muster.[3]

C. <u>Defendant Roberts' Motion for Summary Judgment</u>

Defendant Roberts moves for summary judgment, arguing that Plaintiff's malicious prosecution claim lacks merit, there are no facts to support a conspiracy claim under 42 U.S.C. § 1985 or 18 U.S.C. §§ 241 and 242, and qualified immunity bars relief. For the following reasons, Defendant Roberts' motion for summary judgment is granted.

1. <u>Defendant Roberts is Entitled to Summary Judgment on Plaintiff's Malicious Prosecution Claim</u>

Plaintiff alleges that Defendant Roberts is guilty of malicious prosecution because he provided false information about Plaintiff's criminal history in a parole revocation report in an effort to have Plaintiff's parole revoked. (TAC at ¶¶ 12, 38, 40-42; TAC at Exh. C.) Plaintiff alleges further that Roberts' actions were motivated by race.

Defendant Roberts argues that he is entitled to summary judgment on this claim because he did not author the report that Plaintiff complains of and because the information contained in it was accurate. (Motion at 15-18.) For the following reasons, the Court finds that Defendant Roberts is entitled to summary judgment on Plaintiff's malicious prosecution claim.

---

[3] Defendant argues that Plaintiff's motion should be denied on qualified immunity grounds. The Court need not and does not address this argument in the context of Plaintiff's partial summary judgment motion because it has concluded that Plaintiff's motion should be denied for other reasons. The Court will, however, address qualified immunity in connection with Defendant's motion for summary judgment.

8

To prevail on a claim for malicious prosecution, Plaintiff must establish that Defendant Roberts acted with malice and without probable cause for the purpose of denying Plaintiff his constitutional rights. *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995). It is undisputed that the parole revocation report that Plaintiff is complaining about was authored by a parole agent named Hunter, not Defendant Roberts. (Roberts Decl. II at ¶ 17 and Exh. 5 at 21; Plaintiff's Depo. at pp. 161:13-25; 166:10-20; 235:3-14.) Thus, Plaintiff's allegation that Roberts violated his constitutional rights when he authored a false parole report is without merit.

Further, and importantly, the information contained in the report was accurate. In April 1998, Plaintiff was sentenced to prison for unlawfully taking a vehicle (two years), commercial burglary (two years), check fraud (eight months), battery on a police officer (eight months), and battery with injury (no time specified). (Motion at Exh. 6 (Abstract of Judgment).) The trial court ordered that the two-year sentence for burglary run concurrent to the other sentences. Thus, Hunter correctly reported that Plaintiff had been imprisoned for burglary in 1998 despite the fact that that the sentence ran concurrently with the other sentences that were imposed.

Finally, as was made clear at the probable cause hearing on August 11, 2008, the deputy commissioner who presided over the hearing determined that there was probable cause to believe that Plaintiff had committed the violation and should be detained. (Declaration of Commissioner A. Mehta ("Mehta Decl.") at ¶¶ 4-6.) This finding was based primarily on the fact that Plaintiff had been accused of assaulting his girlfriend on July 30, 2008 (though the commissioner also considered Plaintiff's most recent commitment offense (possession

of a firearm by a felon) and the other records in the file). (Mehta Decl. at ¶¶ 9-13.)[4]

    2. <u>Defendant Roberts is Entitled to Summary Judgment on Plaintiff's Conspiracy Claim</u>

Plaintiff alleges that Defendant Roberts conspired with others to revoke his parole and unlawfully keep him in custody in order to maintain a "supply of convicted African-American and/or otherwise uneducated prison inmates" to provide a "demand" for employees working for the California Department of Corrections and the Parole Board. (TAC at pp. 8, 15-17, 20-22.) He claims that the goal of this conspiracy was to promote the economic interests of the state government "by means of involuntary servitude." (TAC at p. 21.) As Defendant Roberts points out and as Plaintiff concedes, however, Plaintiff does not have any facts to support this claim. (Plaintiff's Depo. at pp. 156:9-157:5, 158:5-13, 189:15-194:18, 196:13-197:3; Roberts Decl. II at ¶ 22.) This is Plaintiff's burden and, in the absence of any evidence in this now seven-year-old case, Roberts is entitled to summary judgment on this claim. *Celotex*, 477 U.S. at 322 (explaining summary judgment is warranted when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").[5]

---

[4] To the extent that Plaintiff complains that the "false" revocation report "exposed" him to an offer of nine months in custody, that complaint is immaterial because Plaintiff never accepted that deal. (Mehta Decl. at ¶ 7 and Exh. B; Plaintiff's Depo. at pp. 115:8-15, 167:4-169:4, 176:2-5.)

[5] Plaintiff has also alleged conspiracy claims under 18 U.S.C. §§ 241 and 242. These are federal criminal statutes which do not

10

3. <u>Defendant Roberts is Entitled to Qualified Immunity</u>

Defendant Roberts contends that he is entitled to qualified immunity for ordering Plaintiff's parole hold after he was arrested. (Motion at 9.) He argues that the fact that the Ontario police had arrested Plaintiff for assaulting his girlfriend was sufficient cause to hold Plaintiff in custody pending further investigation. Here, again, the Court sides with Defendant.[6] (Motion at 11-12.)

Qualified immunity protects government actors from suit unless their conduct can be said to violate clearly established federal law. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982)). This immunity applies "regardless of whether the government official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson*, 555 U.S. at 231 (internal quotations omitted). To determine whether a right is "clearly established," the Court evaluates whether "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Wilkins v. City of Oakland*, 350 F.3d 949, 954 (9th Cir. 2003.)

Defendant Roberts argues that, based on Plaintiff's arrest for battery on his girlfriend, he had reasonable cause to issue a parole hold pending a hearing on Plaintiff's arrest for domestic violence. Roberts notes that Plaintiff's arrest for battery is "a prima facie

---

provide for private causes of action. *See Allen v. Gold Country Casino,* 464 F.3d 1044, 1048 (9th Cir. 2006); *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980). Accordingly, they are dismissed with prejudice.

[6] Roberts completed a Charge Report on July 30, 2008, concluding that Plaintiff should remain in custody until an investigation could be completed.

violation of parole," for which a parole hold is warranted if the parole agent also concludes that the parolee poses a danger to others or to the community. *See* Cal. Code Regs. tit 15, § 2601(a)(1)-(3).

Plaintiff disputes this. He contends that the decision to revoke his parole was dependent, in part, on the allegedly false representations about Plaintiff's criminal history in Hunter's August 5, 2008 report. Plaintiff concedes, however, that Defendant Roberts did not author the August 5th report. (TAC at Exhs. C, E.) Thus, Plaintiff's allegation against Roberts is undermined by his own concessions. It is further undermined by the fact that the claim in the report that Plaintiff was sentenced to custody for burglary is true.

Further, Plaintiff has not provided any evidence that the information Roberts received from the arresting officers, i.e., that Plaintiff had been involved in a domestic dispute with his girlfriend and had been arrested by the Ontario police for battery, was not true. That being the case, even assuming that Roberts had erred in causing Plaintiff to be held in custody and for causing the revocation hearing to proceed, Roberts would still be entitled to qualified immunity because there is no clearly established law holding that a parole officer is barred from detaining a parolee who has been arrested for battery. *See, e.g., Turner v. Craig*, 510 F. App'x 587, 587-88 (9th Cir. 2013) (officers entitled to qualified immunity for confining plaintiff on a parole hold for 11 days when officers made a reasonable mistake that led to plaintiff's detention), *cert. denied*, 134 S.Ct. 279 (Oct. 7, 2013); *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012) ("Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the

plainly incompetent or those who knowingly violate the law." (citations omitted)).[7]

D. <u>Plaintiff's Request for Leave to Amend is Denied</u>

In his opposition to Defendant's motion and in his Objections to the Report and Recommendation (Doc. No. 236 at pp. 47-50), Plaintiff requests leave to file a Fourth Amended Complaint to add new parties and new claims. This request is denied. Plaintiff filed this action on April 28, 2010, more than seven years ago. He has had four opportunities to state a viable claim and he has failed to do so. Though the Court recognizes that pro se litigants are entitled to special consideration, the Court also recognizes that its mandate is to be fair to both sides and allowing Plaintiff to start over after seven years of litigation would be unfair to Defendant and any potential defendants. This is especially true in light of the fact that Plaintiff has not presented any evidence to suggest that there are any cognizable claims buried deep within the layers of his numerous lengthy pleadings. As such, his request for leave to file a Fourth Amended Complaint is denied. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

III.

RECOMMENDATION

For these reasons, IT IS RECOMMENDED that the Court issue an Order: (1) accepting this Final Report and Recommendation; (2) denying

---

[7] Defendant also argued that this claim should be dismissed because it had not been exhausted. The Court has elected not to address this argument because it finds that summary judgment is warranted on other grounds.

13

Plaintiff's motion for partial summary judgment; (3) granting Defendant's motion for summary judgment; and (4) dismissing the action with prejudice.[8]

DATED: October 13, 2017

*[signature: Patrick J. Walsh]*

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Civil Rights\UPTON 631\Final R&R D's MSJ P's MSJ 2.wpd

---

[8] In light of the Court's decision to grant Defendant summary judgment and dismiss the action with prejudice, Plaintiff's other motions are denied as moot. (Doc. Nos. 206, 207, 212, 213, 222, 225, 227, and 230.)

14